IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONNA JOYCE BURTON, individually and as Personal Representative of the ESTATE OF VINCENT TRAVIS BURTON, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HAWAII, et al.,<br><br>Defendants. | CIVIL NO. 20-00208 JAO-RT<br><br>ORDER GRANTING DEFENDANTS COUNTY OF HAWAI‘I, HAWAI‘I COUNTY POLICE DEPARTMENT, LUKE WATKINS, PAUL T. ISOTANI, AND LANDON TAKENISHI'S MOTION TO DISMISS |

**ORDER GRANTING DEFENDANTS COUNTY OF HAWAI‘I, HAWAI‘I COUNTY POLICE DEPARTMENT, LUKE WATKINS, PAUL T. ISOTANI, AND LANDON TAKENISHI'S MOTION TO DISMISS**

This action concerns injuries sustained by Vincent Travis Burton ("Vincent") during his arrest that allegedly caused his death. Defendants County of Hawai‘i ("the County"),[1] Hawai‘i County Police Department ("HPD"), Luke Watkins ("Watkins"), Paul T. Isotani ("Isotani"), and Landon Takenishi ("Takenishi") (collectively, "Defendants") move to dismiss (1) the claims against

---

[1] Plaintiffs Estate of Vincent Travis Burton and Donna Joyce Burton ("Donna") (collectively, "Plaintiffs") erroneously refer to the County as the City and County of Hawai‘i.

Watkins, Isotani, and Takenishi in their official capacities; (2) the claims against HPD and the Honokaʻa Police Station;[2] and (3) state law claims against the County.  The Court elects to decide this matter without a hearing pursuant to Local Rule 7.1(c).  For the following reasons, the Court GRANTS Defendants' Motion to Dismiss.

## BACKGROUND

I. Factual History[3]

As alleged in the Complaint, on May 4, 2018, while test driving a friend's vehicle, Plaintiffs pulled over behind and approached a subsidized police vehicle, believing it belonged to a longtime friend and police officer.  Compl. ¶¶ 19–20.

---

[2] Plaintiffs do not name Honokaʻa Police Station*—which they misspell as "Honakaa"—in the caption of the Complaint but list it as a Defendant within the Complaint.  Plaintiffs also identify the State of Hawaiʻi as a Defendant in the Complaint without naming it in the caption.  Plaintiffs incorrectly allege that the State "is responsible for the operation and administration of the Honokaʻa Police Department, the District of Hamakua, Hilo Police Department, and the Hawaii County Police Department."  Compl. ¶ 16.  Plaintiffs have not filed returns of service for the Honokaʻa Police Station or the State.

*Plaintiffs appear to use "Honokaʻa Police Station" and "Honokaʻa Police Department" interchangeably.  *See e.g.*, Compl. ¶¶ 13, 97, 145–57, 159–65, 172–81.

[3] Although this case concerns the same incident as *Lerette v. City & County of Hawaii*, Civil No. 20-00202 JAO-RT, material facts presented in the complaints differ significantly.

The officer informed Vincent that his friend retired and ordered Vincent to return to his vehicle. *Id.* ¶ 21. Vincent complied then left. *Id.* ¶ 22. Plaintiffs encountered the same officer at a gas station approximately thirty minutes later. *Id.* ¶ 24. As Donna pumped gas, the officer approached her and asked for identification. *Id.* ¶ 26. The officer proceeded to look for Vincent, who was using the restroom. *Id.* ¶¶ 25, 28. In the meantime, Vincent returned to the vehicle and Plaintiffs departed from the gas station. *Id.* ¶ 29. When Plaintiffs drove away, the officer chased after them and swung a billy club, hitting the passenger window. *Id.* ¶ 31.

The officer followed Plaintiffs for 20 miles to Honokaʻa town. *Id.* at ¶ 34. Plaintiffs never heard a command to stop the vehicle or to pull over. *Id.* ¶ 35. Unsure of the officer's intentions, Plaintiffs attempted to lose him in Honokaʻa town. *Id.* ¶ 37. The officer, accompanied by two other police vehicles and three additional officers, stopped them at a dead-end road. *Id.* ¶ 38.

Watkins, Isotani, Takenishi, and another officer approached Plaintiffs in the vehicle and one of them pulled Vincent out of the vehicle then administered a field sobriety test and handcuffed Vincent. *Id.* ¶¶ 41, 43–45. The officers informed Vincent that he was under arrest and charged with a DUI; operating a motor vehicle with a suspended license; and failing to obtain proper insurance, registration, and a safety check. *Id.* ¶ 46.

Donna was asked to exit the vehicle and instructed to stand away from the scene. *Id.* ¶ 47. Out of Donna's view, the officers forced Vincent to the ground and repeatedly kicked and stomped Vincent in his abdomen, only stopping once Vincent asked Donna to film what was happening. *Id.* ¶¶ 53–54, 58–59. They then loaded Vincent into a police vehicle. *Id.* ¶ 60. During police transport from the Hamakua Station to the Hilo District, Vincent was taken to the emergency room.[4] *Id.* ¶ 75. Following his diagnosis at Hilo Hospital, Vincent was returned to police custody and transported to the Hilo County Correctional Center, where he remained in a holding cell for approximately four days. *Id.* ¶¶ 77–78. On May 8, 2018, Vincent was released on bail. *Id.* ¶ 82.

On the morning of May 11, 2018, Vincent vomited profusely and coughed up blood. *Id.* ¶ 83. He was transported by ambulance to Hilo Medical Center, where staff diagnosed him with numerous conditions and performed multiple procedures on him over the next week. *Id.* ¶¶ 85, 90–93. Vincent passed away on May 20, 2018. *Id.* ¶ 94.

---

[4] When she returned home the next day, Donna learned through voicemail—her cell phone was at home—that Vincent had been at Hilo Hospital with broken ribs and a concussion. Compl. ¶¶ 73–74.

II.     Procedural History

Plaintiffs commenced this action on May 4, 2020, asserting the following claims: Count I – wrongful death; Count II – 42 U.S.C. § 1983 – violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution and the Hawaiʻi Constitution;[5] Count III – assault and battery; Count IV – excessive force; Count V – intentional infliction of emotional distress; Count VI – negligence; Count VII – negligent infliction of emotional distress; Count VIII – gross negligence; Count IX – negligence in training and failure to adequately supervise against Honokaʻa Police Station and the County; Count X – loss of love, support, and/or consortium; Count XI – intentional injury to a bystander; Count XII – negligent injury to a bystander; Count XIII – survivor's action; Count XIV – municipal liability; and Count XV – respondeat superior and/or vicarious liability. Plaintiffs pray for monetary damages, expenses, costs of suit, and attorneys' fees. Compl. ¶¶ 183–185.

Defendants filed the present Motion on June 22, 2020. ECF No. 16.

---

[5] Violations of the Hawaiʻi Constitution are not § 1983 claims. "Section 1983 . . . is . . . a vehicle by which plaintiffs can bring *federal* constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (emphasis added) (citation omitted).

LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted). Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

6

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions.  *See id.*  As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original).  If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss."  *Seven Arts Filmed Ent. Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citation omitted); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss." (citation omitted)).  "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," however, a court cannot dismiss a

7

complaint. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (citation omitted).

## DISCUSSION

Defendants seek to dismiss: (1) claims against Watkins, Isotani, and Takenishi in their official capacities because their claims are derivative of those brought against the County; (2) claims against HPD and the Honokaʻa Police Station because, as branches of the County, they are not separate entities that can be sued; and (3) state law claims[6] against the County because they are barred by Hawaiʻi County Charter ("HCC") § 13-18 and/or Hawaiʻi Revised Statutes ("HRS") § 46-72. Plaintiffs concede the first two arguments[7] but refute the application of HCC § 13-18 or HRS § 46-72 to bar their state law claims. The Court disregards Plaintiffs' arguments concerning municipal liability and

---

[6] Defendants specifically ask to dismiss Counts I, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XV. ECF No. 16-1 at 6.

[7] *See* ECF No. 24 at 6 ("Plaintiffs agree that the Hawaiʻi Police Department is a division of the County of Hawaii and that the County of Hawaii is the proper municipal Defendant. Similarly, Plaintiffs agree that police officers Watkins, Isotani, and Takenishi were sued in their official capacities and that the suit is derivative of the claims against the County of Hawaiʻi."). Given Plaintiffs' concessions, their refusal to withdraw these claims during the Local Rule 7.8 pre-filing conference is concerning. The purpose of the conference is to dispense of motions and/or to limit the scope of issues presented to the Court. Plaintiffs' failure to acknowledge obvious deficiencies in the Complaint during the conference caused needless expenditure of time, resources, and expenses. Notwithstanding their concessions, Plaintiffs inexplicably ask the Court to deny the Motion in its entirety. *Id.* at 14.

individual capacity claims against the Officer Defendants, as these issues are not the subject of the Motion.

I.      <u>Official Capacity Claims against the Officer Defendants</u>

Defendants argue that the official capacity claims against the Officer Defendants should be dismissed because they are derivative of the claims against the County.  "Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978), such suits should "be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted).  "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.*  Accordingly, the Court DISMISSES the claims against Watkins, Isotani, and Takenishi in their official capacities with prejudice.  *See Park v. City & County of Honolulu*, 292 F. Supp. 3d 1080, 1090 (D. Haw. 2018) (dismissing with prejudice official capacity claims against the individual officer defendants).

II.     <u>Claims against HPD and Honokaʻa Police Station</u>

Defendants contend that the claims against the HPD and Honokaʻa Police Station should be dismissed because as divisions of the County, these entities are not separately subject to suit.  Whether or not a local law enforcement agency is a separate suable entity depends on state law.  *See Silva v. San Pablo Police Dep't*,

9

805 F. App'x 482, 484 (9th Cir. 2020) (citations omitted); Fed. R. Civ. P. 17(b)(3) (for parties other than individuals or corporations, the capacity to be sued is determined "by the law of the state where the court is located"). Pursuant to HCC § 7-2.6, HPD is "under the general supervision and control of the mayor, through the managing director." HCC § 7-2.6; *see also Young v. Hawaii*, 548 F. Supp. 2d 1151, 1165 (D. Haw. 2008) ("Different departments within the County [of Hawaiʻi] are not considered separate legal entities."), *overruled on other grounds by Dist. of Columbia v. Heller*, 554 U.S. 570 (2008). Because HPD, and Honokaʻa Police Station as its sub-entity, are non-jural entities, the Court DISMISSES the claims against them WITH PREJUDICE. *See Gomes v. County of Kauai*, Civ. No. 20-00189 JMS-WRP, 2020 WL 5097835, at *5 (D. Haw. Aug. 26, 2020) (dismissing with prejudice the claims against the Kauai Police Department and Kauai Police Commission because they are not separate legal entities from the County of Kauai); *Reno v. Nielson*, 424 F. Supp. 3d 1045, 1054 (D. Haw. 2019) (dismissing the Honolulu Police Department because it "is a division of the City and not separately subject to suit" (citations omitted)).

To the extent Plaintiffs assert claims against the State based on its purported responsibility for the operation and administration of HPD and the Honokaʻa Police Station, those claims are also DISMISSED WITH PREJUDICE. There is no dispute that the mayor, through the managing director, supervises HPD, so it is

10

unclear why Plaintiffs are attributing the alleged acts of *County* entities to the State.

Even if the State exercised authority over HPD and the Honokaʻa Police Station, Plaintiffs' claims against the State are barred by the Eleventh Amendment. The Court may raise this issue sua sponte because sovereign immunity limits the jurisdiction of federal courts. *See In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). "The Eleventh Amendment shields unconsenting states from suits in federal court," *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)), and bars individuals from bringing lawsuits against a state or an instrumentality of a state for monetary damages or other retrospective relief. *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016). Because Plaintiffs seek damages against the State, *see* Compl. ¶ 16, those claims must be dismissed with prejudice.

III.   Compliance with HCC § 13-18 and HRS § 46-72

Defendants lastly move to dismiss Counts I, III, IV, V, VI, VII, VIII, IX, X, XI, XII, and XV against the County because Plaintiffs failed to comply with HCC § 13-18 and/or HRS § 46-72. Plaintiffs counter that (1) federal law applies because federal question is the basis for jurisdiction and they properly filed the Complaint pursuant to FRCP 4 and satisfied the notice provisions by serving

Defendants within FRCP 4(m)'s 90-day "statute of limitations" and (2) assuming that state law applies, written notice should be given liberal construction. ECF No. 24 at 12–13.

Plaintiffs argue that the summons as to all Defendants was issued pursuant to FRCP 4(e), 4(i), or 4(j) and that they timely served Defendants less than one month later. None of these provisions govern the issuance of summonses. They concern service on individuals; the United States, its agencies, corporations, officers, or employees; and foreign, state, or local governments, respectively. In any event, the Court's issuance of a summons has no bearing on compliance with HCC § 13-18 or HRS § 46-72, which governs notice requirements for state law claims against the County.[8] Neither does compliance with the 90-day service window prescribed by FRCP 4(m)—incorrectly referenced as a statute of limitations by Plaintiffs—satisfy HCC § 13-18 or HRS § 46-72.

HCC § 13-18 provides:

> No action shall be maintained for the recovery of damages for any injury to persons or property by reason of negligence or other act of any official or employee of the county unless a written statement stating fully when, where and how the injuries occurred, the apparent extent thereof and the tentative amount

---

[8] HRS § 46-72 operates as a statute of limitations. *See Silva v. City & County of Honolulu*, 115 Hawai'i 1, 10–11, 165 P.3d 247, 256–57 (2007) ("[W]hile the notice requirement set forth in HRS § 46-72 may appear to be a mere 'condition precedent to liability,' it 'operates, in reality, as a statute of limitations.'" (citations omitted)).

> claimed therefor *shall have been filed with the county clerk within two years after the date the injury was sustained*.

HCC § 13-18.  HRS § 46-72 provides:

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

HRS § 46-72.  Jon Henricks, Hawaiʻi County Clerk, attests that Plaintiffs did not file any written claims.  ECF No. 16-2 (Henricks Decl.) ¶ 4.  And by arguing that they satisfied the notice requirements when they effectuated service, Plaintiffs effectively concede that they have not provided the requisite written notice to the county clerk.

When a plaintiff fails to provide any written notice prior to serving the complaint and summons, state law claims may not proceed against the County.  *See Nakamoto v. County of Hawaiʻi*, CIVIL NO. 18-00097 DKW-KJM, 2018 WL 2750224, at *3 (D. Haw. June 7, 2018) (dismissing as untimely state law claims for failure to comply with HRS § 46-72 and concluding that "[e]ven if Nakamoto's

Complaint was sufficient written notice under Section 46-72, she did not serve a copy of the Complaint on the County until February 27, 2018—after the statute of limitations expired"); *Harris v. County of Hawaii*, CIVIL NO. 17-00449 RLP, 2017 WL 5163231, at *2 (D. Haw. Nov. 7, 2017) (dismissing state law claims for failure to comply with HRS § 46-72—the plaintiff failed to provide written notice to the county clerk within two years and even if the complaint was sufficient notice, it was served after the expiration of the statute of limitations); *Kaulia v. Cty. of Maui, Dep't of Pub. Works & Waste Mgmt.*, 504 F. Supp. 2d 969, 997–98 (D. Haw. 2007) (deeming time-barred the plaintiff's state law claims because he never provided written notice to the Maui County Clerk).

In an effort to avoid the strictures of HCC § 13-18 and HRS § 46-72, Plaintiffs rely on *Surnow v. Buddemeyer*, 379 F. Supp. 3d 1086 (D. Haw. 2019), to support a liberal construction of the written notice requirement. Unlike this case, the plaintiffs in *Surnow*, through counsel, sent a letter to the Captain of HPD and to the Hawaii County Office of Corporation Counsel ten days after the deceased plaintiff's death. *Id.* at 1091. The court held that the letter provided sufficient notice to the County pursuant to HCC § 13-18 and HRS § 46-72, and it distinguished between the sufficiency of written notices and an absence of written notice prior to service. *See id.* at 1092 & n.2 (recognizing that "an absolute failure to file any written notice with the county does not permit a claim to proceed and is

14

distinguishable from cases where there is a question as to the sufficiency of the written notice" (citing *Oakley v. State*, 54 Haw. 210, 217, 505 P.2d 1182, 1186 (1973)); *Oakley*, 54 Haw. at 217, 505 P.2d at 1186 ("It is our opinion that whenever, under the statute in question, a person files a written notice of claim, as contrasted with an absolute failure to file any written notice of claim, the issue is not a question of non-compliance but a question of sufficiency of compliance under all the circumstances of the case.").

Because Plaintiffs never provided written notice to the county clerk, their state law claims against the County are time barred. Even if the Complaint constituted written notice, Plaintiffs did not effect service until June 1, 2020, after the expiration of the two-year statute of limitations. Therefore, the Court DISMISSES Counts I, III, IV, V, VI, VII, VIII, IX, X, XI, XII, and XV against the County.

## CONCLUSION

For the reasons stated herein, the Court GRANTS Defendants' Motion to Dismiss. ECF No. 16. The following claims are dismissed with prejudice:

(1) Official capacity claims against Watkins, Isotani, and Takenishi;

(2) Claims against HPD and Honokaʻa Police Station;

(3) Claims against the State; and

(4) State law claims—Counts I, III, IV, V, VI, VII, VIII, IX, X, XI, XII, and XV—against the County.

The federal claims against the County and the individual capacity claims against Watkins, Isotani, and Takenishi remain.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, September 24, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 20-00208 JAO-RT; *Burton v. City & County of Hawaii, et al.*; ORDER GRANTING DEFENDANTS COUNTY OF HAWAIʻI, HAWAIʻI COUNTY POLICE DEPARTMENT, LUKE WATKINS, PAUL T. ISOTANI, AND LANDON TAKENISHI'S MOTION TO DISMISS

16